**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>Lisa Ann Nkonoki,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-20564 (JJT)<br><br>Re: ECF No. 90 |

**MEMORANDUM OF DECISION DENYING**
**MOTION FOR RULE 2004 EXAMINATION**

Before the Court is the Motion of the Debtor for an Order Authorizing Examination and Production of Documents Pursuant to Fed. R. Bankr. P. 2004 (Motion, ECF No. 90). In the Motion, the Debtor requests authority to examine several individuals and entities ultimately related to extensive disputes the Debtor or her company has stemming from a relationship with 152nd Street Black Ballet Legacy Enterprises LLC. For the following reasons, the Motion is denied.

1. Background[1]

The Debtor filed this Subchapter V case on May 29, 2026. This is the Debtor's second bankruptcy case, with the first being filed in January 2025 and dismissed in August 2025 for failure to file information. As in the prior case, the Debtor has proceeded on a self-represented basis.

The Debtor is the member–manager of Nkonoki Entertainment Group, LLC (NEG) and has extensive experience in entertainment and media, including media

[1] The background information provided is gleaned from the Debtor's filings. Although some are undisputed, the Court treats the facts as alleged rather than found.

consulting. Through a pen pal relationship dating back decades with Karlya Shelton-Benjamin, the Debtor came to know Lydia Abarca-Mitchell, Sheila Ronan, Marcia Sells, and Gayle McKinney-Griffith, who are or were ballet dancers from Harlem.[2] NEG then formed a Connecticut limited liability company named 152nd Street Black Ballet Legacy Enterprises LLC (152BB) to organize the interests of the Dancers. NEG, the Dancers, and 152BB then entered into a Management Agreement on July 1, 2021, whereby NEG would be the manager to 152BB and the Dancers.[3]

The Management Agreement provides for a 15% commission on 152BB's earnings in the entertainment industry, which is payable to NEG. According to the Debtor, she then procured media interviews on television and in print, and secured publishing deals with Penguin Randon House and Netflix, to otherwise promote the Dancers and tell their story.

Things allegedly took a disturbing turn after the Debtor introduced the Dancers to Nina Shaw, an entertainment lawyer at Del Shaw Moonves Tanaka Finkelstein Lezcano Bobb & Dang in California, in 2022. According to the Debtor, Shaw used negative background information about the Debtor to force her out of the management relationship with the Dancers, or at least on terms the Debtor found unacceptable.

In 2025, NEG initiated an American Arbitration Association (AAA)

[2] McKinney-Griffith has purportedly died. The Court refers to Shelton-Benjamin, Abarca-Mitchell, Ronan, Sells, and McKinney-Griffith and her estate collectively as the "Dancers."
[3] Also listed in the Management Agreement is 152nd Street Black Ballet Legacy, LLC (152NJ), a New Jersey LLC, which the Debtor does not seek discovery from in the Motion.

arbitration proceedings against 152BB and the Dancers, along with 152NJ. NEG then sought a prejudgment remedy in support of arbitration against those parties in the Connecticut Superior Court.[4] On March 17, 2026, the Superior Court found probable cause to order a PJR in the amount of $128,260.36, representing $65,660.60 in commissions that Del Shaw Moonves was holding in escrow, along with $41,496.49 in unreimbursed expenses and $21,103.27 in interest.

The underlying arbitration, however, has yet to take place. After the parties did not pay the arbitration fee, it was closed on August 24, 2026. On September 30, 2026, the AAA reopened the arbitration. Meanwhile, the Debtor has sought to intervene in the PJR proceeding on an individual basis to make independent claims against 152BB, 152NJ, and the Dancers based upon unjust enrichment, quantum meruit, tortious interference, and breach of implied contract.[5]

The Debtor, on behalf of herself and NEG, also filed a lawsuit on a *pro se* basis in the District Court against Shaw and Del Shaw Moonves, among others, on March 31, 2026.[6] That suit sought a temporary restraining order and PJR on an emergency basis, seeking the immediate turnover of the $65,660.60 being held by Del Shaw Moonves. The suit also raises claims of tortious interference, legal

---

[4] The Court takes judicial notice of the Superior Court action, *Nkonoki Entertainment Grp., LLC v. 152nd Street Black Ballet Legacy Enters., LLC*, No. FST-CV-25-5032110-S (Conn. Super. Ct.).

[5] The Debtor has stated in this Court that she had no written contract with 152BB or the Dancers in her individual capacity, but that her claims arise out of services she performed from 2020 to 2021 before the signing of the Management Agreement. The counts in the proposed intervenor complaint, however, make claims related to post-Management Agreement expenses and matters pertaining to the alleged Netflix deal.

[6] The Court takes judicial notice of the District Court action, *Nkonoki v. Shaw*, No. 26-cv-00489-VDO (D. Conn.). The other defendants are David Fink and his law firm, Venable, LLP, who represent 152BB, 152NJ, and the Dancers in the Superior Court action.

malpractice, racketeering, breach of fiduciary duty, conversion, defamation, racial discrimination, civil conspiracy, and unfair business practice. After the District Court denied the TRO, preliminary injunction, or PJR and noted that NEG could not proceed *pro se*, the Debtor dismissed NEG from the action. The Debtor, however, failed to properly serve the defendants, even after the District Court granted extensions to the Debtor to do so. Accordingly, the District Court dismissed the action on August 5, 2026, and the case was closed.

On August 28, 2026, the Debtor filed the instant motion, seeking related Rule 2004 exams of a variety of parties.[7] After allowing the Debtor to address the Motion at the September 23, 2026 hearings related to her foreclosing mortgage lender, Washington Trust Co., and the extension of the automatic stay, the Debtor was ordered to file additional documents with the Court in support of the Motion (ECF No. 112). The Debtor made the required supplemental filing on October 2, 2026 (ECF No. 116).[8]

2. Jurisdiction and Authority

The United States District Court for the District of Connecticut has jurisdiction over these proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy

[7] Besides 152BB, the Dancers, Shaw, and Del Shaw Moonves, the Debtor seeks to examine Penguin Random House LLC (including some imprints), DeFiore and Co. Literary Management, Inc. f/k/a Stuart Krichevsky Literary Agency, Inc., Netflix, Inc., Anonymous Content LLC, Words + Pictures, Chernin Entertainment, Lake Ellyn, and literary agent Barbara Jones. Other than Jones, 152BB, the Dancers, Shaw, and Del Shaw Moonves, the Court refers to these various media and media-related entities as the “Media Parties.”

[8] The supplemental filings include, among other things, the Management Agreement, the Superior Court decision on the PJR, emails, media articles, a declaration from the Debtor, other agreements 152BB or the Dancers had with third parties, and a September 30, 2026 letter from the AAA reopening the arbitration. Many of these submissions include the Debtor’s self-serving descriptive glosses appended. None is a contract executed by the Debtor in her individual capacity.

Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. Discussion

Under Rule 2004(a) of the Federal Rules of Bankruptcy Procedure, "[o]n a party in interest's motion, the court may order the examination of any entity." In general, a Rule 2004 exam "may relate only to: (A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b)(1). In this Subchapter V case, an exam "may also relate to: (A) the operation of any business and the desirability of its continuing; (B) the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan and the consideration given or offered; and (C) any other matter relevant to the case or to formulating a plan." Fed. R. Bankr. P. 2004(b)(2).

"Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds and have been compared to a 'fishing expedition.' There are, however, limits to the scope of Rule 2004 examinations. Significantly, Rule 2004 examinations may not be used for the purposes of abuse or harassment." *In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999) (cleaned up). "[T]he inquiry must be limited to the *debtor's* affairs." *In re Johns-Manville Corp.*, 42 B.R.

362, 364 (S.D.N.Y. 1984).

One such limitation to Rule 2004 arises when there is a related pending proceeding outside of the bankruptcy case. *See In re Wash. Mut., Inc.*, 408 B.R. 45, 50–51 (Bankr. D. Del. 2009) (courts have . . . recognized that Rule 2004 examinations may be inappropriate where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee") (internal quotation marks omitted). "The 'pending proceeding' rule reflects a concern that a party to litigation could circumvent [her] adversary's rights by using Rule 2004 rather than civil discovery to obtain documents or information relevant to the lawsuit." *In re Glitnir banki hf.*, No. 08-14757 SMB, 2011 WL 3652764, at *4 (Bankr. S.D.N.Y. Aug. 19, 2011). With these limitations in mind, the Court turns to the parties the Debtor seeks to examine.

The Dancers and 152BB are all the subject of pending arbitration between them and NEG. Related to that arbitration is the PJR, which the Debtor has sought to intervene in to raise her own claims against 152BB and the Dancers. NEG's claims are not the Debtor's and, therefore, are not subject to a Rule 2004 exam. Moreover, those claims and those the Debtor alleges to have individually are the subject of the pending arbitration and related Superior Court proceedings. The Court will not allow the Debtor to circumvent the procedural safeguards of the pending proceedings to obtain discovery. It also will not countenance the Debtor's repetitive or unfinished efforts to secure information from these parties.

As for Shaw and Del Shaw Moonves, the Debtor's and NEG's allegations against them were the subject of the District Court action, which was dismissed due to the Debtor's failure to properly serve the Defendants in that case.[9] Although it is no longer pending, the District Court action provided the Debtor with the forum to obtain discovery from Shaw and Del Shaw Moonves (and may still, as the action was dismissed without prejudice). The Court will not allow the Debtor to use this forum to provide fodder for her District Court proceedings. Moreover, Del Shaw Moonves is involved in the arbitration, and has provided information to the Debtor in the PJR proceedings. In other words, the Debtor has multiple other forums available to obtain information from Shaw and Del Shaw Moonves, including the amount of money that is being held by Del Shaw Moonves, which was stipulated to by the parties in the PJR proceeding.

Finally, as for the Media Parties and Jones, the discovery sought arises out of claims NEG may have with regards to commissions due under the Management Agreement. Those alleged rights belong to NEG, not the Debtor. The Debtor has made no showing of how the benefits associated with the Media Parties inure to her alone instead of NEG. Therefore, the Debtor may not use this forum to obtain information to assist a nondebtor.

The Court understands that NEG provides the Debtor with much of her income—income that may very well be used to fund a plan—but the mere fact that

[9] NEG was also dismissed from the action due to its failure to retain counsel, as the Debtor herself attempted to represent NEG.

Debtor is NEG's sole member and manager does not make her and NEG one.[10] NEG is *not* a debtor in bankruptcy, nor can it participate in this bankruptcy case because it has no legal counsel. Rule 2004 exists to allow investigation of the Debtor's affairs. It does not exist to allow the Debtor to investigate NEG's affairs beyond what is expressed in the rule. Rule 2004 is a discretionary provision. *In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019). Based upon a considered weighing of the facts and circumstances presented here, the Court will not exercise its discretion in the manner the Debtor has requested.

4. Conclusion

Accordingly, it is hereby

ORDERED: The Motion is denied; and it is further

ORDERED: The Clerk of Court is directed to mail a copy of this Memorandum of Decision and Order to all of the parties that the Debtor had sought relief against in the Motion via first-class mail.

Dated: October 7, 2026
Hartford, Connecticut

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

[10] In the Debtor's supplemental submission (ECF No. 116), she attempts to show that she was listed as the point of contact for certain contracts involving the Dancers and 152BB and was identified personally as their manager in media articles and emails. Of course, it makes sense that the Debtor was listed as a point of contact because she is the member–manager of NEG. The signed legal documents the Debtor provides, however, make clear that NEG was manager to 152BB and the Dancers. The fact that the Debtor herself may have expended personal funds for photo shoots or dinners or the like and that media articles named the Debtor as the Dancer's manager does not transform the legal relationship spelled out in the signed Management Agreement. Instead, it shows that the Debtor perhaps ignored corporate formalities at times. Irrespective of that, the Debtor has another forum to obtain information from the Dancers and 152BB about any amounts owed to her personally.